**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Valerie Allen,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 09-C-243** |
| | ) | |
| **v.** | ) | **Judge Robert W. Gettleman** |
| | ) | |
| **City of Chicago,** | ) | **Mag. Judge Michael T. Mason** |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Michael T. Mason, United States Magistrate Judge:

Plaintiff Valerie Allen ("Allen" or "plaintiff") commenced this action for retaliation against her former employer, defendant City of Chicago (the "City" or "defendant") on January 14, 2009. As alleged in the second amended complaint, the operative complaint in this case, Allen began her employment with the City in 1986. In 2004, she was appointed to the position of Assistant to the Treasurer at the Office of the City Treasurer. From approximately December 2006 through March 2008, Allen filed multiple complaints and/or discrimination charges with the Illinois Department of Human Rights ("IDHR") and the U.S. Equal Employment Opportunity Commission ("EEOC") against defendant alleging race, sex, and retaliation discrimination (collectively referred to herein as the "IDHR litigation"). The City terminated Allen's employment effective April 4, 2008.

## I. The Incomplete Meet and Confer Process

Presently before this Court is plaintiff's amended motion to compel defendant to fully respond to discovery requests served on August 18, 2009. Plaintiff argues that

defendant "has failed to answer all interrogatories propo[u]nded, failed to produce all responsive documents to plaintiff's request for production and failed to provide an adequate privilege log." Pursuant to Local Rule 37.2, the court will not hear a discovery motion unless the parties have made "good faith attempts to resolve differences" through "consultation in person or by telephone." The record before this Court includes nine letters and/or emails that address the issues raised in plaintiff's motion, many of which purport to memorialize a conference held pursuant to Local Rule 37.2. Plaintiff further states that the parties have engaged in "multiple Rule 37 conferences." We do not dispute the number of conferences held. Rather, we find that the parties did not complete the meet and confer process, and have not satisfied their obligation to make a good faith attempt to resolve their differences. In the interest of judicial economy, this Court will consider plaintiff's motion. However, the parties are advised that any future discovery motions filed without a thorough and complete meet and confer process will be denied.

Among other things, the parties did not make a good faith effort to agree on a date by which the City would supplement its discovery responses. Defendant states, in its response, that during a November 23, 2009 telephone conference and in response to the City's objections, plaintiff agreed to "clarify and/or narrow certain discovery requests." This agreement came almost two months after plaintiff received defendant's discovery responses, and neither party adequately explains the delay. According to defendant, as part of the agreement, it "agreed to supplement certain interrogatories and document production responses before the scheduled close of discovery, December 22, 2009." Plaintiff reasonably objected to this time frame. In a letter dated

November 24, 2009, plaintiff's counsel informed defendant that its proposal to supplement on the last day of discovery would not suffice. Counsel subsequently proposed that the parties "schedule an in-person meeting or conference call for December 9, 2009 and work together to conclude outstanding discovery." There is no indication that any such meeting occurred. Had the parties agreed on a reasonable deadline to supplement (prior to the close of discovery and the filing date for plaintiff's motion), many of the issues currently before this Court could have been resolved.

Plaintiff's eighteen page motion also runs afoul of Local Rule 7.1, which provides that no brief shall exceed fifteen pages without prior approval of the court, and is therefore subject to being stricken. In the interest of judicial economy, we decline to strike plaintiff's motion. The parties are reminded of their obligation to comply with the Local Rules, as well as this Court's Standing Orders and Case Management Procedures. We also note that defendant attached plaintiff's motion as exhibit O to its response, and that many of defendant's exhibits duplicate the exhibits attached to plaintiff's motion. This is unnecessary. This Court will take judicial notice of any order, brief or pleading entered in the docket in this case. Moreover, when responding to a motion, the parties are encouraged to reference the movant's exhibits, rather than attach duplicate copies.

Having addressed our procedural concerns, we turn to the substantive issues raised in plaintiff's motion.

## II. The Discovery Requests

A party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). Relevant information is not

limited to that which is admissible at trial. The relevancy standard is met if the discovery "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*; *see also Rubin v. Islamic Repub. of Iran*, 349 F. Supp. 2d 1108, 1111 (N.D. Ill. 2004) ("Requests for discovery are relevant if there is any possibility that the information sought may be relevant to the subject matter of the action."). However, as the Seventh Circuit has explained, "discovery is not to be used as a fishing expedition." *E.E.O.C. v. Harvey L. Walner & Assoc*., 91 F.3d 963, 971-72 (7th Cir. 1996).

Plaintiff filed her amended motion on December 18, 2009. In that motion, plaintiff seeks an order compelling defendant to fully answer various requests for production, including Request Nos. 1, 4, 7, 9, 14, 22-23, 24, 26 and 34. Defendant states, in its response, that it supplemented its response to those requests on December 21, 2009. Defendant further argues that plaintiff's motion is moot to Interrogatories Nos. 3, 9-12, 16-17 and 21 because the City provided additional information in its First Supplemental Answers and Objections to Plaintiff's Interrogatories served on December 21, 2009. To the extent plaintiff moves to compel a response to the recently supplemented discovery, its motion is denied without prejudice.

The remaining disputed Interrogatory is No. 19, which asks defendant to "describe any negative entries in plaintiff's personnel file." In response, defendant raised various objections and referred plaintiff to her personnel file. This is permissible. *See* Fed. R. Civ. P. 33(d) (authorizing the production of business records in response to an interrogatory). Plaintiff's motion is denied as to Interrogatory No. 19.

Turning to the disputed requests for production, plaintiff moves to compel a complete response to Request No. 36, which seeks documents related to any

investigation of any charges or reports of discrimination and/or retaliation made by plaintiff against any of the City's employees, officers, directors or agents. In responding to this request, defendant properly objected to producing documents containing privileged information and stated that it would produce responsive documents Bates numbered D000319-2143. Plaintiff does not provide any basis for this Court to find that defendant's response is insufficient. We are also persuaded by defendant's argument that any claim of discrimination, harassment and/or retaliation made by plaintiff against another division of the City prior to her employment with the Office of the City Treasurer is not relevant to her current claim, and that locating any such information would be unduly burdensome. Accordingly, Allen's motion is denied as to that request. It is also denied as to Request No. 38, which seeks copies of all business calendars and/or appointment books maintained by any supervisor. Plaintiff has not shown that the requested information is relevant to any claim or defense. *See* Fed. R. Civ. P. 26(b) (stating that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.").

Next, plaintiff seeks to compel a response to Request Nos. 47-49, 53-56 and 58-59. The disputed portions of these requests relate to plaintiff's supervisors Stephanie Neely and Mark Mitrovich (the "Supervisors"). Request Nos. 47-49 demand the production of any and all documents that relate or pertain to the Supervisors' performance reviews and evaluations; complaints or reports of harassment, discrimination, and/or retaliation made against them by persons other than the plaintiff; and any disciplinary action taken against the Supervisors as a result of the aforementioned complaints or reports. Plaintiff argues, without providing any context or

supporting authority, that these documents are relevant "because they may illustrate a history of harassment." Defendant responds that plaintiff is engaged in a fishing expedition. To the extent these requests seek "any and all documents," they are overly broad. However, any past complaint(s) made against the Supervisors and resulting reprimand or disciplinary action should be produced in response to Request Nos. 48-49. If, as suggested in defendant's response, no such documents exist, the City is to provide a verified statement confirming that fact. Any performance reviews and/or evaluations beyond those contained in the Supervisors' personnel files should also be produced in response to Request No. 47.

Plaintiff also seeks to compel the production of the Supervisors' complete personnel files. This information is discoverable. *See, e.g. Byers v. Ill. State Police*, 2002 U.S. Dist. LEXIS 9861, **39-40 (N.D. Ill. May 31, 2002) (collecting cases in support of the proposition that the personnel files of the individuals alleged to have discriminated against the plaintiff are clearly relevant). Accordingly, plaintiff's request to compel a complete response to Request Nos. 53 and 54 is granted in part. In recognition of the privacy concerns raised in defendant's response, the City may withhold documents (or, if applicable, redact portions of documents) that relate to emergency contact information, residency affidavits, citizenship status, charitable contributions, computer password and login information, and medical and health insurance information.

The parties also dispute the relevance of the Supervisors' job descriptions. Plaintiff seeks, through Request Nos. 55 and 56, "any and all written job descriptions or other documents that relate or pertain to the work duties and/or responsibilities of each

position held by [the Supervisors] during [their] employment with defendant." These requests are overly broad. To the extent it has not already done so, defendant need only produce the Supervisors' job descriptions for the time period during which they acted as plaintiff's supervisor at the Office of the City Treasurer. We also find that Request Nos. 58 and 59, which seeks "any and all documents that relate or pertain to any write-ups, complaints, compliments, reviews, performance appraisals, memos, studies, comments, criticisms or warnings, oral or written, or similar documents, including internal memorandum, concerning [the Supervisors'] work performance," are overly broad. To the extent those requests seek information relevant to the particular claims of this case and/or any other instances of discrimination, that information has or will be produced in response to other requests.

Plaintiff also moves to compel a response to Request No. 63, which seeks "any and all documents that relate or pertain to the plaintiff." Defendant responded to that request by stating that it will produce documents Bates numbered D000001-D003629. In her motion, plaintiff mistakenly argues that "defendant also failed to respond to Request 63 in any way." Paradoxically, plaintiff also challenges defendant's production of "over 3,600 (THREE THOUSAND SIX-HUNDRED) documents" on September 30, 2009. We presume that these documents are, in fact, responsive to Request No. 63. Plaintiff has not shown that defendant's response to Request No. 63 is insufficient, and her motion is denied as to this request.

## III. Defendant's Privilege Log

The parties also dispute the adequacy of defendant's privilege log. Plaintiff states, in her motion, that defendant unilaterally and impermissibly narrowed its log to "a

few categories [of documents] without regard to the Rules of Civil Procedure." Plaintiff further notes that defendant's privilege log makes reference to 150 documents, which is approximately 3% of the 5,000 privileged documents in defense counsel's file. Defendant posits that its privilege log is "more than adequate" because plaintiff's counsel, Delaney Law, also represented Allen in the IDHR litigation. Specifically, the City contends that it need not include each draft of each filing in the IDHR Litigation, since Delaney Law is in possession of the final, filed document. Defendant further argues that it would be unduly burdensome to require it to include handwritten attorney notes from Assistant Corporation Counsel Aracely Petrich and/or documents collected by Attorney Petrich in connection with the IDHR litigation.

While we are sympathetic to defendant's position, we will not order plaintiff to agree to the City's proposal. "[T]he burden is on the party opposing discovery to show that the attorney-client privilege applies." *ConAgra, Inc. v. Arkwright Mut. Ins. Co.*, 32 F. Supp. 2d 1015, 1017 (N.D. Ill. 1999) *see also, Petrovic v. City of Chicago,* 2007 U.S. Dist. LEXIS 61245, **7-8 (N.D. Ill. Aug. 21, 2007) ("A party withholding discoverable material under a claim that it is privileged . . . bears the burden of proving that the information is shielded from discovery.") (citation omitted). Accordingly, defendant must include in its log every responsive document withheld on the basis of privilege. However, the City may identify related documents that involve the same question or issue as a single entry on the log. For example, defendant may group together as a single entry related materials such as "drafts of [a specific filing before the IDHR or EEOC]," and/or "handwritten attorney notes related to [a specific complaint or charge]." Defendant must also amend its log so that it contains a description of the subject matter

that, without revealing information itself privileged or protected, will enable plaintiff to assess the applicability of the privilege. *See* Fed. R. Civ. P. 26(b)(5)(A)(ii); *United States v. White*, 950 F.2d 426, 430 (7th Cir. 1991) ("The claim or privilege cannot be a blanket claim; it must be made and sustained on a question-by-question or document-by-document basis.") (citation omitted). Descriptions such as "email re: discussion with attorney" or "information in response to attorney request" are inadequate.

Plaintiff also contends that defendant impermissibly "asserts privilege over correspondence to and from Bill Thanoukos, who is not even a practicing attorney." In response, the City states that the "communications between Thanoukos and other City Treasurer employees are clearly described as transmissions of information received from or gathered for the City's attorney, and thus protected." While we do not dispute the substance of the disputed entries, the City's description of the communications is deficient. The log does not "clearly" describe the protected communications and must be amended to conform to the standard set forth in Fed. R. Civ. P. 26(b)(5).

Allen also contends that defendant's privilege log is deficient because it does not indicate the existence of all attorneys involved in a presumptively privileged communication, and does not detail individuals who received a copy and/or blind carbon copy of an email. In response, the City states that all parties who received an email, whether on the "to," "cc," or "bcc" line, are listed on the log under "Recipient." We credit this explanation.

Finally, plaintiff challenges defendant's failure to produce the privilege log prior to the deposition of Stephanie Neely, Allen's supervisor. The log should have been produced prior to the deposition. However, plaintiff has not shown that she suffered any

prejudice as a result of defendant's belated production of the log. Ms. Neely's assertion of privilege during her deposition is not relevant to the current dispute.

## IV. Conclusion

Accordingly, for the reasons stated above, plaintiff's motion is granted to the extent it seeks an order compelling defendant to amend its response to Request Nos. 48, 49, 53, 54, 55, and 56, subject to the limitations discussed above, and to produce an updated and amended privilege log. Plaintiff's remaining requests, including her request for fees and costs incurred in connection with her motion are denied. Defendant is to amend its discovery responses and supplements its production by January 22, 2010. Defendant must also provide an updated and amended privilege log at the earliest possible date, and no later than January 29, 2010. In reviewing the presumptively privileged documents, the City should be mindful of the fact that the attorney-client privilege may not be used as a shield to prevent the discovery of factual information. Nothing in this Order is intended to preclude defendant from withholding or redacting information on the basis of the attorney-client and/or work product privilege, or from redacting personal, confidential information as authorized by the Seventh Circuit.

**ENTERED:**

Michael T. Mason

**MICHAEL T. MASON**
**United States Magistrate Judge**

**DATED: January 8, 2010**