IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

VALERIE ALLEN,            )
                          )
    Plaintiff,            )    No. 09 C 243
                          )
v.                        )    Judge Feinerman
                          )
CITY OF CHICAGO,          )    Magistrate Judge Soat Brown
                          )
    Defendant.            )

## DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW

Defendant, City of Chicago ("City"), by its attorney Stephen R. Patton, Corporation Counsel of the City, moves for judgment as a matter of law pursuant to Rule 50(a)(1) of the Federal Rules of Civil Procedure for the following reasons.

In order to meet her burden, Plaintiff had to "present sufficient evidence '(1) that she opposed an unlawful employment practice; (2) that she suffered an adverse employment action; and (3) that the adverse employment action was caused by her opposition to the unlawful employment practice.'" *Hall*, 536 F.3d at 621 (quoting *David v. Caterpillar, Inc.*, 324 F.3d 851, 858 (7th Cir. 2003)); *Hamner v. St. Vincent Hospital and Health Care Center, Inc.*, 224 F.3d 701, 705 (7th Cir. 2000).[1]

To establish a causal connection, Plaintiff had to use either direct or circumstantial evidence to establish by a preponderance of the evidence "that the protected conduct was a substantial or motivating factor in the employer's decision." *Culver v. Gorman & Co.*, 416 F.3d 540, 545 (7th Cir. 2005). "[D]irect evidence essentially requires an admission by the

---

[1] The indirect method of burden-of-proof of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) only applies in pre-trial proceedings. Once the trial has begun, this method "falls away, and the question is simply whether the evidence is sufficient to allow a reasonable jury to find in favor of the plaintiff." *Hall*, 536 F.3d at 621. *See also Hamner*, 224 F.3d at 704 n.2.

1

decisionmaker that his actions were based on the prohibited animus and so is rarely present." *Id.* "[C]ircumstantial evidence can establish a causal link if the trier of fact can infer intentional discrimination." *Id.* at 545-46. However, "[w]e [Seventh Circuit Court of Appeals] have never said that temporal proximity is dispositive in providing or disproving a causal link." *Id.* at 546 (citing *Sitar v. Ind. Dep't of Transp.*, 344 F.3d 720, 728 (7th Cir.2003)). "[T]he mere fact that one event preceded another does not prove causation...Thus, plaintiff must do more than merely point to the temporal link; rather, the plaintiff must put forth other evidence that suggests that the protected activities were related to the employer's decision." *Hall*, 536 F.3d at 622 (citing *Burks v. Wis. Dep't of Trans.*, 464 F.3d 744, 758-59 (7th Cir. 2006)). *See also Tomanovich v. City of Indianapolis*, 457 F.3d 656, 665 (7th Cir. 2006) (citing *Moser v. Ind. Dept. of Corr.*, 406 F.3d 895, 905 (7th Cir. 2005); *Wyninger v. New Venture Gear, Inc.*, 361 F.3d 965, 981 (7th Cir. 2004); *Juarez v. Ameritech Mobile Commc'n Inc.*, 957 F.2d 317, 321-22 (7th Cir. 1992)).

Plaintiff's case also fails if a reasonable jury could find "unrebutted evidence that [the defendant] would have taken the adverse employment action against the plaintiff even if [the defendant] had no retaliatory motive." *Culver*, 416 F.3d at 546 (citing *Stone*, 281 F.3d at 644); *Haywood v. Lucent Techs, Inc.*, 323 F.3d 524, 531 (7th Cir. 2003).

I.   **Denial of Step Increase.**

Plaintiff failed to establish a connection between the December 6, 2006 charge she filed with the Illinois Department of Human Rights and the denial of her step increase in April 2012. First, Plaintiff failed to produce any direct evidence of a causal link. Plaintiff maintained during her testimony that Mr. Mitrovich solely decided to deny her a step increase. Mr. Mitrovich stated during direct examination that he did not deny Plaintiff a step increase because of the December 6, 2006 charge. Second, Plaintiff also failed to set forth proper circumstantial evidence of a

causal link. Plaintiff's attempts at a temporal argument — that because Mr. Mitrovich knew about the December 6, 2006 charge, this knowledge influenced this denial of a step increase — failed because Plaintiff proffered no additional evidence of a retaliatory motive. The fact that the charge was filed four months before the denial of the step increase is not sufficient to establish a causal connection.

Moreover, during Plaintiff's examination of Mr. Mitrovich, Plaintiff elicited unrebutted evidence of the reason for the denial of the step increase — Plaintiff had failed to sit for the required planning meeting despite several requests from her supervisor. Plaintiff even pointed to another employee who had received a step increase that year because, as Mr. Mitrovich said, that employee had sat for the required planning meeting.

Plaintiff also did not establish that that the denial of a step increase, which is a merit-based bonus rather than a raise to which she was entitled, equals an adverse employment action. While the Seventh Circuit considers the denial of a raise an adverse employment action, the denial of a bonus is not. *Hunt v. City of Markham, Il.*, 219 F.3d 649, 654 (7th Cir. 2000). Plaintiff testified that the step increase was merit-based and wholly at the discretion of her supervisor, that other employees she knew were denied step increases, and that Treasurer Office's employees could not expect to receive step increases.

## II. One Day Suspension.

Plaintiff presented no direct or circumstantial evidence that the City suspended Plaintiff in retaliation for her filing the May 10, 2007 retaliation claim with the IDHR. Plaintiff averred that Treasurer Stephanie Neely suspended Plaintiff. Plaintiff failed to introduce any direct evidence showing that Treasurer Neely stated that she did so because of the retaliation charge that Plaintiff had filed. Similarly, Plaintiff offers inadequate circumstantial evidence of a causal

link. During trial, Plaintiff admitted that the mistake-laden Position Status Report was the reason given for her suspension. Plaintiff attempted to minimize the mistakes that she made on the Position Status Report — calling them a couple of typos and calling Treasurer Neely's expectations of the assignment too high. Then, she aimed to connect Treasurer Neely's knowledge of the May 10, 2007 retaliation charge with Treasurer Neely's decision to suspend her. But Plaintiff offered no evidence to suggest that Treasurer Neely's knowledge of the May 10, 2007 retaliation charge influenced her decision to suspend Plaintiff. Furthermore, nearly ten months transpired between Plaintiff's May 10, 2007 retaliation charge and her March 5, 2008 suspension.

Plaintiff elicited during her case-in-chief the valid, non-pretextual reason that Treasurer Neely suspended Plaintiff. Treasurer Neely asked Plaintiff directly to create a Position Status Report and send it to Treasurer Neely. As Treasurer Neely testified during Plaintiff's case-in-chief, Plaintiff dropped the ball on this project. These mistakes showed, Treasurer Neely explained, that Plaintiff did not care enough about her job to double-check her work before submitting it and made Treasurer Neely question whether anything in the report contained correct information. It was Plaintiff's incompetence and lack of punctuality that caused Treasurer Neely to suspend Plaintiff.

### III.     Termination of Employment.

Plaintiff failed to set forth any direct or circumstantial evidence of a causal connection between her March 5, 2008 retaliation claim and her termination. First, Plaintiff averred that Bill Thanoukos terminated her. Pl's Ex. 31. Plaintiff produced no evidence that Mr. Thanoukos stated that he fired her because of the March 5, 2008 retaliation claim, and her termination letter contains no reference to Illinois Department of Human Rights charges. *Id.* Second, Plaintiff

4

offered no evidence to prove that Mr. Thanoukos even had knowledge about the March 5, 2008 retaliation charge. Plaintiff endeavored in vain to connect the City of Chicago Department of Law's ("Law Department") knowledge of the March 5, 2008 charge with Mr. Thanoukos's knowledge of the charge but failed to provide sufficient evidence of that connection. Assuming that Mr. Thanoukos knew about the charge, Plaintiff still proffered inadequate evidence that this knowledge influenced his decision.

Plaintiff made an unsubstantiated claim that Mr. Thanoukos told her as he was terminating her employement that Treasurer Neely was tired of her filing charges, but offered scant evidence that this statement was even uttered. Plaintiff's claim is weak, vague, and without context — Plaintiff related neither the beginning, middle, or end to the conversation. Furthermore, Plaintiff provided no documentation of this conversation — no emails and no witnesses — to corroborate this statement. Plaintiff could not even elicit from Mr. Thanoukos any confirmation that he made this statement. Assuming this sentence was spoken however, Plaintiff still failed to offer any evidence that this opinion influenced Mr. Thanoukos's decision to terminate Plaintiff's employment.

Moreover, Plaintiff, during her case-in-chief, set forth some of the many reasons that the City terminated her employment on April 3, 2008. She inappropriately told Treasurer Neely to "go around" the Shakman court order. She unsuccessfully managed Paul Whiteneir. She submitted a chart to Treasurer Neely that was late and that wrongly indicated that a position was both Shakman-covered and Shakman-exempt. She caused delays in the hiring. She abused her paid sick leave. She failed to take the initiative on any task that fell under her job duties, including having the carpets cleaned and updating the employee phone list. She constantly made errors on work she submitted to her supervisors and displayed an unwillingness to improve. In

5

addition, she conducted herself in an unprofessional manner by being insubordinate to her supervisors, constantly submitting her assignments late, and consistently blaming others for her poor work performance.

Wherefore, for each of the foregoing reasons, Defendant City of Chicago respectfully requests that the Court grant its motion for judgment as a matter of law and dismiss all claims against the City with prejudice.

**Dated:** February 4, 2013

                                              Respectfully submitted,

                                              Stephen R. Patton
                                              Corporation Counsel for the City of Chicago

                               By:     */s/ Timothy L. Swabb*
                                              TIMOTHY SWABB
                                              RACHEL KUCHAR
                                              ALEXANDRA C. RELIAS
                                              Assistants Corporation Counsel

Employment Litigation Division
30 N. LaSalle, Suite 1020
Chicago, Illinois 60602
(312) 744-8953/2836/4939