UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VALERIE ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | 09 C 243 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

**M**EMORANDUM **O**PINION AND **O**RDER

Valerie Allen brought this suit against her former employer, the City of Chicago, alleging unlawful retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. The case was reassigned to the undersigned judge's calendar in July 2012. Doc. 168. Following a trial at which the jury returned a defense verdict, the court entered judgment for the City. Docs. 194, 195. The court denied Allen's motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. Doc. 207. Now before the court is the bill of costs the City filed pursuant to Federal Rule of Civil Procedure 54(d), which seeks $10,030.57. Docs. 204, 210. Allen responded, Doc. 208, and the City replied, Doc. 209. For the following reasons, the City is awarded costs in the amount of $7,287.63.

**Discussion**

Recoverable costs include (1) "[f]ees of the clerk and marshal"; (2) fees for transcripts "necessarily obtained for use in the case"; (3) "[f]ees and disbursements for printing and witnesses"; (4) "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case"; (5) docket fees; and (6) "[c]ompensation

of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services." 28 U.S.C. § 1920. "Although a district court has discretion when awarding costs, the discretion is narrowly confined because of the strong presumption created by Rule 54(d)(1) that the prevailing party will recover costs." *Contreras v. City of Chicago*, 119 F.3d 1286, 1295 (7th Cir. 1997) (internal quotation marks and citation omitted). Allen concedes that the City is the prevailing party, but raises several objections to the City's bill. The objections are considered in turn.

I.  **Objection to Any Cost Award on the Ground That Allen Is Indigent**

"Since 1983, [the Seventh Circuit] has held that it is within the discretion of the district court to consider a plaintiff's indigency in denying costs under Rule 54(d)." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006) (internal quotation marks omitted). *Rivera* directs district courts to undertake a two-step analysis when presented with a claim of indigency:

> First, the district court must make a threshold factual finding that the losing party is incapable of paying the court-imposed costs at this time or in the future. The burden is on the losing party to provide the district court with sufficient documentation to support such a finding. This documentation should include evidence in the form of an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses. Requiring a non-prevailing party to provide information about both income/assets and expenses will ensure that district courts have clear proof of the non-prevailing party's dire financial circumstances. Moreover, it will limit any incentive for litigants of modest means to portray themselves as indigent.
>
> Second, the district court should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs. No one factor is determinative, but the district court should provide an explanation for its decision to award or deny costs.

*Id*. at 635-36 (citations and internal quotation marks omitted).

Allen's indigency claim fails at the first step, as she has not made the "threshold" showing that she "is incapable of paying the court-imposed costs at this time or in the future." The only documentation provided by Allen are her answers to the City's supplemental interrogatories, which establish that she is currently employed in a potentially "seasonal" position. Doc. 208-1 at 3. Allen provides no information about her current assets or expenses. Allen also makes no argument regarding the second step of the indigency analysis—the amount of costs, her good faith, and the closeness or difficulty of the issues. By failing to satisfy either of the inquiries mandated by *Rivera*, Allen has forfeited any contention that she should be excused from paying costs due to indigency. *See Pugh v. Bd. of Educ. of City of Chi.*, 2012 WL 5199629, at *2 (N.D. Ill. Oct. 22, 2012) (citing *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011); *Fabriko Acquisition Corp. v. Prokos*, 536 F.3d 605, 609 (7th Cir. 2008); *Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 926 (7th Cir. 2007); *Kramer v. Banc of Am. Sec., LLC*, 355 F.3d 961, 964 n.1 (7th Cir. 2004); *Stransky v. Cummins Engine Co.*, 51 F.3d 1329, 1335 (7th Cir. 1995); *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991)).

II.   **Objections to Specific Costs Sought by the City**

Because Allen will not be excused from paying costs altogether, the court next will examine her objections to specific costs sought by the City.

A.   **Hill Deposition Transcript and Court Reporter Appearance Fees**

Section 1920(2) permits recovery of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). The law governing the recovery of costs for deposition transcripts is as follows:

> [P]laintiff's argument that the depositions were used sparingly in defendant's summary judgment motion and therefore were not necessarily

> obtained for use in this case is … without merit. The introduction of a deposition in a summary judgment motion or at trial is not a prerequisite for finding that it was necessary to take that deposition. The proper inquiry is whether the deposition was "reasonably necessary" to the case at the time it was taken, not whether it was used in a motion or in court.

*Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 455 (7th Cir. 1998) (citation omitted). Reasonable appearance fees for court reporters at depositions are recoverable under § 1920(2). *See Held v. Held*, 137 F.3d 998, 1002 (7th Cir. 1998).

Allen objects to $200.75 in costs for the deposition transcript of Rodney Hill on the ground that Hill was not called to testify, and indeed his name was never mentioned, at trial. Doc. 208 at 2. As the City correctly observes, however, Hill was identified during Allen's deposition as an individual with knowledge of additional alleged protected activity by Allen, and the record offers no basis to conclude that the City knew at the time it deposed Hill that he would not be called at trial. Doc. 209 at 3. It follows that Hill's deposition was reasonably necessary to the case at the time it was taken.

That said, when combined with the $3.65 per-page cost of the deposition, the court reporter appearance fee of $98.00 drives the Hill transcript costs over the Judicial Conference's per-page limit of $3.65. *See Pugh*, 2012 WL 5199629, at *3; *Nicholson v. Allstate Ins. Co.*, 2012 WL 1192077, at *1 (N.D. Ill. Apr. 10, 2012); *Fletcher v. Chi. Rail Link, LLC*, 2007 WL 4557816, at *1 (N.D. Ill. Dec. 20, 2007); *Higbee v. Sentry Ins. Co.*, 2004 WL 1323633, at *2 (N.D. Ill. June 11, 2004); *Rogers v. City of Chicago*, 2002 WL 423723, at *3 (N.D. Ill. Mar. 15, 2002). The bill of costs is therefore reduced by $98.00, the amount necessary to bring the per-page cost down to $3.65.

B.   **Witness and Subpoena Fees**

Allen objects to other costs associated with Hill's deposition—namely, a $45.00 "process server fee" and a $65.00 "subpoena fee." Fees charged for serving subpoenas "may not exceed the rate charged by the Marshal Service, … which currently is $55.00 per hour or portion thereof" plus travel costs. *Serwatka v. City of Chicago*, 2011 WL 2038725, at *2 (N.D. Ill. May 24, 2011) (citing *Collins v. Gorman*, 96 F.3d 1057, 1059-60 (7th Cir. 1996); and 28 C.F.R. § 0.114(a)(3)); *see also Dishman v. Cleary*, 279 F.R.D. 460, 466 (N.D. Ill. 2012); *Wells v. Johnson*, 2012 WL 3245955, at *2 (N.D. Ill. Aug. 6, 2012); *Perry v. City of Chicago*, 2011 WL 612342, at *3 (N.D. Ill. Feb. 15, 2011). The $45.00 "process server fee" is reasonable, given that the Marshal Service charges a minimum of $55.00 per person served. *See Serwatka*, 2011 WL 2038725, at *2. The $65.00 "subpoena fee" appears to be a witness fee paid to Hill, which is reasonable given that witnesses must be paid $40 per day plus reasonable travel costs. *See* 28 U.S.C. § 1821(b); *Dishman*, 279 F.R.D. at 466; *Perry*, 2011 WL 612342, at *3.

C.   **Pretrial Conference and Trial Transcripts**

Allen objects to $2,310.45 in costs the City incurred for pretrial conference transcripts and hourly or daily trial transcripts. The standard governing the recovery of costs for transcripts is as follows: "[A]lthough courts may not tax the costs of transcripts … provided merely for the convenience of the requesting attorney, a transcript need not be absolutely indispensable in order to provide the basis of an award of costs." *Majeske v. City of Chicago*, 218 F.3d 816, 825 (7th Cir. 2000) (citation and internal quotation marks omitted). The costs incurred for the pretrial conference transcripts are reasonable; the court issued a series of oral rulings on motions *in limine*, jury instructions, exhibit and witness lists, and other pretrial matters, making it

reasonably necessary for the City to obtain these transcripts to prepare effectively for trial. *See Serwatka*, 2011 WL 2038725, at *3 (allowing recovery for costs of a pretrial conference transcript where it was reasonably necessary to prepare for trial); *Marcus & Millichap Real Estate Inv. Servs. Inc. v. Sekulovski*, 2010 WL 145785, at *9 (N.D. Ill. Jan. 12, 2010) (allowing recovery for costs of pretrial hearing transcripts that "contained oral rulings of the court").

Costs associated with daily trial transcripts may be recovered where the trial is "lengthy and complex." *Majeske*, 218 F.3d at 825 n.3. Costs for daily transcripts generally are not reasonably necessary, and thus may not be recovered, where the case is short and simple. *See Bogan v. City of Chicago*, 2010 WL 2635789, at *2-3 (N.D. Ill. June 28, 2010); *Shanklin Corp. v. Am. Packaging Mach., Inc.*, 2006 WL 2054382, at *2 (N.D. Ill. July 18, 2006); *Ernst v. Anderson*, 2006 WL 163024, at *2 (N.D. Ill. Jan. 18, 2006). The City contends that it needed transcripts of Allen's testimony during her case-in-chief to prepare for her anticipated testimony as a rebuttal witness and to verify which exhibits had been admitted. Doc. 209 at 2. The contention is unpersuasive. The trial was short, lasting five days, and the case was simple and straightforward. Given the circumstances, the City's decision to obtain daily or hourly trial transcripts was more a matter of convenience than necessity. *See Rawal v. United Air Lines, Inc.*, 2012 WL 581146, at *2 (N.D. Ill. Feb. 22, 2012); *Serwatka*, 2011 WL 2038725, at *3. Accordingly, Allen's objection to the $1,839.60 associated with obtaining daily or hourly trial transcripts is sustained.

**D.    In-House Copying Fees**

Allen objects to copying fees incurred by the City for duplicating a set of pleadings and motions. Although Allen contends that the City seeks to recover for "two sets of copies," the

-6-

City's materials show that it seeks to recover only for a single set of courtesy copies. Doc. 208 at 2; Doc. 205-1 at 4-8. "The expense of copying materials reasonably necessary for use in a case are recoverable costs under 28 U.S.C. § 1920(4)." *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1410 (7th Cir. 1991). The only court papers whose copying was reasonably necessary were those for which Local Rule 5.2(f) required the City to submit a courtesy copy to the presiding judge. *See Wells*, 2012 WL 3245955, at *1 (costs of courtesy copies are necessarily incurred); *Perry*, 2011 WL 612342, at *2 (same). The City seeks $215.40 for those courtesy copies, at twenty cents per page, which is reasonable. *See Kaplan v. City of Chicago*, 2009 WL 1940789, at *4 (N.D. Ill. July 6, 2009) ("courts in this district have found photocopying costs between $0.10 and $0.20 per page to be reasonable") (citing cases); *Grayson v. City of Chicago*, 2003 WL 22071479, at *2 (N.D. Ill. Sept. 3, 2003) ("Copy rates of between $0.10 and $0.20 per page have been found to be reasonable.") (citing cases).

Allen also objects to $2,249.60 in costs incurred by the City for copying discovery documents. The City's materials show that these costs were for one copy of each discovery document, charged at twenty cents per page. Doc. 205-1 at 8-9. The expense of copying one set of discovery documents is a necessary expense, and Allen has not overcome the presumption in favor of awarding the cost of copying documents produced in discovery. *See M.T. Bonk Co.*, 945 F.2d at 1409-10; *Nicholson*, 2012 WL 1192077, at *2; *Bus. Sys. Eng'g, Inc. v. IBM Corp.*, 249 F.R.D. 313, 315 (N.D. Ill. 2008).

### E.    Outside Vendor Copying

Finally, Allen objects to $2,224.57 in copying costs that the City paid to two outside vendors. The City paid Aloha Document Services $407.34 for copying documents obtained

pursuant to its subpoena for Allen's EEOC/IDHR files. Doc. 205-1 at 27-29; Doc. 209 at 4-5. The Aloha invoices reflect that the City created one set, totaling 1,854 pages, of those documents. Doc. 205-1 at 27-28. Given the importance of Allen's EEOC charges to this case—they were the protected activity that, according to Allen, led the City to retaliate against her—those copies were reasonably necessary for the City's use. Another Aloha invoice includes a $20.00 copying charge of unknown origin. Doc. 205-1 at 29. Copying charges for documents that cannot be identified from the supporting materials may not be recovered. *See Falcon v. City of Chicago*, 2000 WL 1231403, at *2 (N.D. Ill. Aug. 28, 2000); *Am. Auto. Accessories v. Fishman*, 991 F. Supp. 995, 997 (N.D. Ill. 1998). The bill of costs therefore will be reduced by $20.00.

The City paid Merrill Communications LLC $1,817.23 for copying, scanning, Bates labeling, and performing Optical Character Recognition ("OCR") on 5,431 documents that the City produced in response to a motion to compel. Doc. 205-1 at 11; Doc. 209 at 5. Costs may be awarded under § 1920(4) for electronically scanning and processing documents, as the "electronic scanning of documents is the modern-day equivalent of 'exemplification and copies of paper.'" *Brown v. McGraw-Hill Cos., Inc.*, 526 F. Supp. 2d 950, 959 (N.D. Iowa 2007); *see also BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 420 (6th Cir. 2005); *Ridings v. Riverside Med. Ctr.*, 2007 WL 924020, at *2 (C.D. Ill. Mar. 26, 2007). Such costs are limited, however, to processing that is the equivalent of "exemplification or making copies," and do not encompass work that goes beyond "merely converting a paper version into an electronic document." *Francisco v. Verizon S., Inc.*, 272 F.R.D. 436, 446 (E.D. Va. 2011) (denying costs for electronic processing due to the lack of evidence regarding which methods were employed

and to what purpose). The point is illustrated by *Windy City Innovations, LLC v. America Online, Inc.*, 2006 WL 2224057 (N.D. Ill. July 31, 2006), where AOL, the prevailing party, sought to recover:

> costs incurred for Optical Character Recognition ("OCR"), coding services, and keyword searching. OCR refers to a computer program that converts an electronically stored document into a searchable text file, while [c]oding services review production documents and input into a commercial litigation database system information about the documents, such as the document date, document recipient, document author, etc. Keyword searching permits a party to search a document for a specific word more efficiently.

*Id*. at *3 (alteration in original) (internal quotation marks and citation omitted). The court denied the OCR costs, explaining that because "[t]he computer document coding systems for which AOL is seeking costs perform[] the work an attorney, paralegal or law clerk would have to perform in its absence," the "expenses for such systems are more properly considered expenses incidental to an award of attorneys' fees, not costs of suit that are recoverable in a bill of costs." *Ibid*. (internal quotation marks omitted) (brackets in original). Rejecting AOL's argument that the losing party "'demanded that AOL produce documents including specific search terms, the identification of which required' these computer document coding systems," the court said: "Typically in a case, document requests require parties to find documents that discuss certain events, phrases, or terms. Such a request is not sufficient to bring computer document coding systems into the realm of recoverable costs." *Ibid*.; *see also Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 644 (7th Cir. 1991) ("to the extent that Sears incurred the microfilm expenses in lieu of expenses for reviewing of documents, the microfilm expenses are not recoverable as copying costs") (internal quotation marks and citation omitted); *Comrie v. IPSCO Inc.*, 2010 WL 5014380, at *5 (N.D. Ill. Dec. 1, 2010) ("The costs associated

with searching are not recoverable in this case. … These costs are equivalent to having an attorney or paralegal read through the documents, at an hourly rate, to determine whether documents are responsive.").

The City's request for costs for one set of copies, including Bates labeling, at nineteen cents a page, reflects a reasonably necessary expense. But the City has not met its burden of establishing that the additional expenses, including scanning, OCR, and the production of a master DVD, were reasonably necessary under § 1920(4). *See Rawal*, 2012 WL 581146, at *2-3; *Windy City*, 2006 WL 2224057, at *3; *Francisco*, 272 F.R.D. at 446. The court therefore will reduce the bill of costs by $785.34, which reflects the costs of the master DVD ($25.00), OCR ($217.24), and scanning ($543.10). Doc. 205-1 at 11.

## Conclusion

For the foregoing reasons, Allen's objections to the City's bill of costs are sustained in part and overruled in part. The City's bill of costs of $10,030.57 is reduced by $98.00 for the Hill deposition court reporter attendance fee, $1,839.60 for the daily trial transcripts, $785.34 for services by Merrill Communications, and $20 for copies by Aloha Document Services, resulting in allowable costs of $7,287.63.

May 10, 2013

United States District Judge